Hope Nancy Kirsch, 018822
Lori Kirsch-Goodwin, 016233
**KIRSCH-GOODWIN & KIRSCH, PLLC**
8900 East Pinnacle Peak Rd., Suite 250
(480) 585-0600
hope@kgklaw.com
lkg@kgklaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G.G., a Student, by and through Parents, J.G. and K.G, <br><br> Plaintiffs, <br><br> vs. <br><br> Creighton Elementary School District, <br><br> Defendant. | **No.** <br><br> **COMPLAINT** <br><br> **Appeal from Case No. 20C-DP-072-ADE** |

G.G., a Student, by and through Parents, J.G. and K.G, allege as follows:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiffs, pursuant to 20 U.S.C. § 1415(i)(2), brings this civil action for judicial review of a final administrative decision of the Arizona Office of Administrative Hearings ("OAH") under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA). The appeal is limited to the remedy set forth in the decision.

2. This Court has jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. § 1331.

3. Venue is proper in the Phoenix Division of the District of Arizona under 28 U.S.C. § 1391(b) because it is the judicial district in which Defendant, Creighton Elementary School District, a political subdivision of the State of Arizona, maintains its primary place of business and all events giving rise to this action occurred in Maricopa County, Arizona.

4. Plaintiff G.G. ("Student") is a minor child with a disability who resides with her parents, J.G. and K.G. ("Parents"), within the boundaries of the Creighton Elementary School District.

5. Defendant, Creighton Elementary School District, is a public school district organized under the laws of the State of Arizona.

6. Student is a child with a disability who qualifies for special education and related services under the IDEA. Creighton Elementary School District (the "District") was therefore, at all relevant times, the local educational agency ("LEA") responsible under the IDEA for the provision of a free and appropriate public education ("FAPE") to Student.

## FACTUAL BACKGROUND

7. During the 2019-2020 school year, G.G. ("Student") was a fourteen year old girl in 8th grade.

8. Parents submitted a request to the District on August 8, 2019, to evaluate Student for an IEP and for services the District can provide.

9. The District evaluated Student and at a meeting of the Multidisciplinary Evaluation Team ("MET") on October 22, 2019, found her eligible for an IEP under two categories, Emotional Disability ("ED") as primary and Other Health Impaired ("OHI") as secondary, but failed to timely make an offer of FAPE (develop an IEP) no later than 30 days thereafter as required by 34 C.F.R. § 300.323(c)(1).

10. The District memorialized the eligibility in a Prior Written Notice ("PWN") which also set forth the reasons the Team found Student eligible based on those categories. As stated in the PWN:

> Based on the results of [Student]'s evaluation, she meets the eligibility criteria under the category Emotional Disability. [Student] exhibits one or more of the following characteristics over a long period of time and to a marked degree and the behavior adversely affects performance in the educational environment:
>
> 1- Inappropriate types of behavior or feelings under normal circumstances.
>
> 2- A general pervasive mood of unhappiness or depression.

3- A tendency to develop physical symptoms or fears associated with personal or school problems.

…

Additionally, [Student] meets the eligibility criteria under the category Other Health Impairment. [Student] has a health impairment that limits her strength, vitality, or alertness (including a heightened alertness that results in limited alertness with respect to the educational environment) that is due to chronic or acute health problems (ADHD). The health impairment adversely affects performance in the educational environment and has been verified by a doctor of medicine or doctor of osteopathy. Additionally, [Student] was evaluated in all other areas related to the suspect disability.

11. The PWN continued by discussing the significant impact of Student's emotional disability on her academic and social/emotional success at both home and school, and the impact of her medical disability, OHI, on her academics and school performance.

12. The District eventually made its offer of a FAPE by providing an IEP and Prior Written Notice ("PWN") to Parents on May 15, 2020, four school days before the end of the 2019-2020 school year.

13. In the meantime, Parents had placed Student at a residential treatment center, Moonridge Academy ("MRA"), as they followed up with the District throughout the school year for alternative options available through the District.

## PROCEDURAL HISTORY

14. On March 17, 2020, Student's Parents filed a Due Process Complaint (the "Complaint") on Student's behalf with the Arizona Department of Education ("ADE") asserting that the District failed to develop an Individualized Education Program ("IEP") upon finding Student eligible for an IEP on October 22, 2019, thereby denying a FAPE.

15. By way of relief, Parents requested an Order for reimbursement for expenses incurred for their unilateral placement of Student at Moonridge until the IEP Team convenes and determines by consensus that another placement or another location is appropriate for Student to receive a FAPE.

3

16. The ADE referred the Complaint to the Office of Administrative Hearings ("OAH") for a hearing before an assigned administrative judge ("ALJ"), Kay Abramsohn, in case number 20C-DP-072-ADE.

17. The ALJ consolidated the issues for hearing as follows:

i. Whether Respondent failed to provide a free and appropriate public education (FAPE) when it failed, until May of 2020, to develop an individualized education program (IEP) for Student after determining Student to be eligible for special education services at the multidisciplinary evaluation team (MET) meeting held on October 22, 2019?

ii. Whether the parentally-placed residential treatment center (RTC), Moonridge Academy, was the appropriate placement for Student?

18. The ALJ held a hearing on September 8, 9, and 10, 2020, to receive evidence and concerning the claims raised in the complaint.

19. The ALJ issued her decision on February 22, 2020. This appeal is timely as it is filed within thirty-five (35) days of receipt of the ALJ decision. A redacted copy of the final ALJ decision is attached hereto as **Exh. A**.[1]

20. The ALJ found Student was denied a FAPE, declared Petitioners the prevailing party, but denied reimbursement,

21. The ALJ correctly found that the District failed to timely offer an IEP resulting in a failure to provide a FAPE for the period October 22, 2019 to May 15, 2020, and that Parents were the prevailing party, but the ALJ erred in denying reimbursement, instead ordered Extended School Year ("ESY") for the summer of 2021 as the only remedy for compensatory relief for the seven month period during which FAPE was denied and no other placement option had been offered.

---

[1] Plaintiffs intend to file a Motion for Order Permitting Non-Electronic Filing of the Administrative Hearing Record which contains the unredacted ALJ Decision. The Plaintiff will file said Motion after Defendant files its response to the Complaint. Until then, Plaintiffs request and anticipate that Defendant will maintain the confidentiality of the parties in its filing(s).

4

22. This appeal is limited to the portion of the ALJ Decision that denied reimbursement to Parents for their unilateral placement of Student at Moonridge.

23. The ALJ decision ignored key evidence, was inherently inconsistent, misinterpreted legal authority, failed to note the relevant authority, and was thus fatally flawed.

24. Plaintiffs are aggrieved by the findings and decision of the ALJ insofar as they are erroneous and improperly denied relief. Among other things, and not by way of limitation:

    (i) The ALJ erred in concluding that Moonridge was not a proper placement in that:

        a. The ALJ erred in applying the wrong standard for a unilateral parental placement; the ALJ applied a FAPE standard (i.e., requiring certified teachers, requiring recognition as a school by the state education department, providing specially designed education) and ignored the line of cases holding that the IDEA does not require that the services of a parent-provided placement meet the requirements of FAPE;

        b. The ALJ ignored the uncontroverted evidence that Moonridge addressed Student's unique educational needs;

        c. The ALJ ignored the uncontroverted evidence that Moonridge provided Student with educational benefit, and indeed that Student made sufficient progress to be considered for a less restrictive environment;

        d. The ALJ ignored the clear and undisputed evidence that the District found Moonridge was appropriate for Student;

    (ii) The ALJ erred in concluding that Student's medical (i.e. behavioral), social and emotional problems are segregable from her educational needs, by, among other things:

        a. Ignoring the fact that the District found Student's medical (i.e. behavioral), social and emotional problems intertwined with her educational needs as evidenced by the District finding Student eligible under the categories of ED and OHI, and the

        District's explanation of how Student's medical (i.e. behavioral), social and emotional problems impact her educationally;

    b. Ignoring the fact that the IEP the District finally developed addressed the same or similar medical (i.e. behavioral), social and emotional struggles that Moonridge addressed to enable Student to access the curriculum;

(iii) The ALJ ignored the evidence of Student's struggles educationally even at the highly restrictive setting of Moonridge and the overwhelming support Student required at Moonridge to progress educationally;

(iv) The ALJ ignored the fact that the District never presented a less restrictive option for Student until the end of the school year;

(v) The ALJ ignored the fact that the District's insistence on involving the Regional Behavioral Health Authority ("RBHA"), Mercy Care, was because the District also considered Student's need for RTC;

(vi) The ALJ erred in applying *Ashland Sch. Dist. v. E.H.*, 587 F.3d 1175 (9th Cir. 2009) in which the Ninth Circuit reiterated the two-prong test for determining whether a parent is entitled to reimbursement for private placement, with the first prong being that the public placement offered by the school district violated the IDEA.  Here, the District never made an offer prior to the end of the school year.  Absent an offer, the District presented no option for Parents, and the ALJ should have ordered reimbursement;

(vii) The ALJ erred in applying *Ashland Sch. Dist. v. R.J.*, 588 F.3d 1004 (9th Cir. 2009), where the Ninth Circuit found placement at an RTC was not warranted where the student had been accessing the curriculum at school and the RTC placement was due to student's behaviors that occurred only outside of school (having sex with a peer and subsequently a relationship with an adult).  Here, in glaring contrast, Student was not accessing the curriculum at school as she had been struggling in school and was refusing to regularly attend, and she continued to struggle on and off at Moonridge;

6

    (viii)    The ALJ improperly ignored the evidence that the District had, throughout the school year, agreed that Moonridge was appropriate for Student.

**WHEREFORE**, Plaintiffs request that this Court receive and review the records of the administrative proceedings and, after considering the evidence and arguments of counsel reverse and vacate the part of the ALJ decision that denied the requested relief of reimbursement, and enter judgment in favor of the Plaintiffs in the amount of $84,199.00 (tuition and activity fees totaling $76,900.00 and related expenses of $7,299.00), and grant such other and further relief as deemed just and proper, including an award of reasonable attorneys' fees and costs incurred in the administrative proceedings and for pursuing this appeal.

RESPECTFULLY SUMBITTED March 26, 2021.

    KIRSCH-GOODWIN & KIRSCH, PLLC
By: /s/ *Hope Nancy Kirsch*
Hope Nancy Kirsch
*Attorneys for Plaintiff*